FILED
2009 May-21  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ROGERS GROUP, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. _____ |
| v. | : | |
| | : | |
| THE LIMESTONE COUNTY | : | |
| COMMISSION OF LIMESTONE | : | |
| COUNTY, ALABAMA, DAVID SEIBERT,: | | |
| Chairman Of the Limestone County | : | |
| Commission, GARY DALY, GERALD | : | |
| BARKSDALE, BILL LATIMER, and | : | |
| BILL DAWS, members of the Limestone | : | |
| County Commission, | : | |
| | : | |
| Defendants. | : | |

### COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff Rogers Group, Inc. ("Rogers") files this action against the above-named Defendants and shows the Court as follows:

### PARTIES

1.

Plaintiff Rogers is an Indiana corporation with its principal place of business in Tennessee. Rogers is not a citizen of the State of Alabama.

2.

The Limestone County Commission of Limestone County, Alabama ("Limestone County" or "Limestone County Commission") is a corporate body created by the State of Alabama with the power to sue and be sued in any court of record pursuant to Alabama Code § 11-1-1 <u>et seq</u>.  Limestone County may be served by serving David Seibert, Chairman of the Limestone County Commissions at its address at 100 S. Clinton Street, Athens, Alabama, Limestone County, Alabama, 35611.

3.

Defendant Gary Daly is a member of the Limestone County Commission and is a resident of Alabama.  Mr. Daly may be served with service of process at 21995 Upper Fort Hampton Road, Elkmont, Alabama 35620.

4.

Defendant Gerald Barksdale is a Limestone County Commissioner and is a resident of Alabama.  Mr. Barksdale may be served with service of process at 18135 Wells Road, Athens, Alabama 35613.

5.

Defendant Bill Latimer is a Limestone County Commissioner and is a resident of Alabama. Mr. Latimer may be served with service of process at 110 W. Market Street, Athens, Alabama 35611.

6.

Defendant Bill Daws is a Limestone County Commissioner and is a resident of Alabama. Mr. Daws may be served with service of process at 13139 Elk River Mills Road, Athens, Alabama 35614.

## JURISDICTION AND VENUE

7.

This Court has jurisdiction over this action under 28 U.S.C. § 1332 as the parties are completely diverse with respect to their citizenship and the amount in controversy exceeds $75,000. This Court also has federal question subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 as to Counts I, II, III and VI and under 28 U.S.C. § 2201 as to Count IV.

8.

Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(a) and (b).

# FACTUAL ALLEGATIONS

## Crushed Stone Is Essential to Modern Construction Activities

9.

Rogers is engaged in the business of mining and selling crushed stone and is one of the largest privately-owned producers of crushed stone in the United States.

10.

Crushed stone is an essential ingredient in virtually all modern day construction.  The predominant ingredient in asphalt and concrete is crushed stone such as that produced and sold by Rogers.  Crushed stone is also used as base for roads and parking lots, for drainage around foundations, for bedding for pipes, for erosion control, and myriad of other uses.

11.

Limestone County and the State of Alabama, or their contractors, purchase and use tens of millions of dollars of crushed stone such as that sold by Rogers every year for construction projects in the State of Alabama.

12.

There is no synthetic substitute for crushed stone; it must be mined where it can be found.  Further, to be acceptable to purchasers crushed stone must meet

4

certain criteria, typically those set by the Alabama Department of Transportation. Not all stone meets those standards.

13.

For a quarry to be commercially viable it must have minerals at a depth that makes it feasible to mine them.

14.

For a quarry to be commercially viable it must be located near a market for its crushed stone. Transportation is a significant component of the delivered cost of stone, sometimes as much as twenty-five to fifty percent, so a quarry near a market for its products is a valuable property.

**The Limestone County Quarry Property Was Acquired
For and Is Being Operated as a Quarry**

15.

Rogers acquired an option to purchase the Limestone County quarry property (the "Limestone Quarry Property"), the legal description of which is set forth in Exhibit A attached hereto, on or about August 16, 2007. Rogers is in the quarrying and mining business and acquired the Limestone Quarry Property expressly for the purpose of developing it as a crushed stone quarry.

16.

In September 2007, Rogers informed members of the Limestone County Commission that it would open a quarry on the Limestone Quarry Property within 18-24 months.

17.

When the announcement was made in September 2007, Commissioner David Seibert stated that "Rogers Group has been an excellent corporate citizen. I was one of those who fought the thing from coming in at Crosskey, but since it has been there we've received very little complaints except for the nature of the roads out there." Commissioner Seibert also stated at that time that "I think the new location is a much better fit for a rock quarry."

18.

The only permits required of Rogers prior to the opening of a quarry on the Limestone Quarry Property were an air quality permit and a National Pollutant Discharge Elimination System permit. Both are issued and regulated by the Alabama Department of Environmental Management ("ADEM"), not Limestone County.

19.

Rogers applied for the necessary permits from ADEM in November 2007.

20.

ADEM issued Rogers an air quality permit and a National Pollutant Discharge Elimination System Permit for the Property on February 10, 2009. Interested parties were informed of the issuance of the ADEM permits by letter also dated February 10, 2009. No appeal of the issuance of the permits has been filed by the Limestone County Commission or anyone else; the time for filing such an appeal has expired.

21.

On February 16, 2009, after it received its operating and environmental permits from ADEM, Rogers converted its option to a lease of the Limestone Quarry Property.

22.

Limestone County issued Rogers a business license to operate a quarry on the Limestone Quarry Property on February 27, 2009.

23.

Shortly after Rogers received its environmental permits from ADEM it began operating its quarry on the Limestone Quarry Property. Among other things, Rogers graded the property, stripped topsoil, stockpiled soil and extracted

minerals from the property. All of such activities were done under and pursuant to permits issued to it by ADEM.

24.

As a part of the process of mining and quarrying on the Property, Rogers drilled holes to conduct blasting on the property, physically conducted blasting on the Limestone Quarry Property, and extracted minerals after blasting on the Limestone Quarry Property, all prior to May 11, 2009.

25.

Rogers installed a primary crusher on the Limestone Quarry Property and has crushed and sold stone from the Limestone Quarry Property to its customers.

26.

Rogers erected a sign at the entrance of the Limestone Quarry Property so the public would know it was operating a quarry there.

27.

All of these actions were taken by Rogers prior to May 11, 2009.

28.

Quarrying was a lawful use of the Limestone Quarry Property at all times when Rogers:

- first acquired an interest in the property;

- filed for its ADEM permits;

- advised Limestone County of its intention to mine the Limestone Quarry Property;

- received its permits from ADEM;

- commenced quarrying at the site;

- blasted at the site;

- crushed material mined from the site;

- acquired a business license to operate a quarry at that site; and

- sold material mined and processed on the site.

## 29.

The Limestone Quarry Property is located in an unzoned portion of Limestone County, Alabama.

## 30.

No local zoning approvals, grading approvals, building permits, or other local land use approvals or permits are necessary to operate a quarry on the Limestone Quarry Property, so long as the quarry does not involve a subdivision of the land.

31.

Because there was no zoning in Limestone County, there were no local laws that restricted Rogers' use of the Limestone Quarry Property to any particular classification of uses at the time it first acquired an interest in the Property, or at any time prior to May 11, 2009.

### The Limestone County Quarry Statutes Were Enacted After Rogers Began Operating its Limestone County Quarry

32.

Legislation was introduced during the 2009 Alabama Legislature regular session to prevent "new" quarries from operating in Limestone County.  The legislation consisted of four separate bills identified as Senate Bill 594, Senate Bill 595, Senate Bill 596 and Senate Bill 597, all sponsored by a State Senator from Limestone County.

33.

Senate Bill 594 states as follows:

Relating to Limestone County; to regulate the establishment of new rock quarries outside the corporate limits of any municipality under certain conditions.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1. In Limestone County, after the effective date of this act, no new rock quarry may be established nor may any existing rock quarry be relocated outside the corporate limits of any

10

municipality within two and one-half miles of the Robotic Centers at Calhoun Community College.

Section 2.   This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

34.

Senate Bill 595 states as follows:

Relating to Limestone County; to regulate the establishment of new rock quarries outside the corporate limits of any municipality under certain conditions.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1.  In Limestone County, after the effective date of this act, no new rock quarry may be established nor may any existing rock quarry be relocated outside the corporate limits of any municipality within two and one-half miles of a public school.

Section 2.   This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

35.

Senate Bill 596 states as follows:

Relating to Limestone County; to regulate the establishment of new rock quarries outside the corporate limits of any municipality under certain conditions.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1.  In Limestone County, after the effective date of this act, no new rock quarry may be established nor may any existing rock quarry be relocated outside the corporate limits of any

11

municipality within one mile of the TVA Industrial Development Mega Site.

Section 2.   This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

36.

Senate Bill 597 states as follows:

Relating to Limestone County; to regulate the establishment of new rock quarries outside the corporate limits of any municipality under certain conditions.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1.  In Limestone County, after the effective date of this act, no new rock quarry may be established nor may any existing rock quarry be relocated outside the corporate limits of any municipality within ten miles of Browns Ferry Nuclear Plant.

Section 2.   This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

37.

Senate Bills 594, 595, 596 and 596 (collectively herein, the "Quarry Statutes") were passed by the Alabama legislature and enacted into law upon their signature by the governor on May 11, 2009.

12

38.

The sponsors of the Quarry Statutes have made public statements that the purpose of the Quarry Statutes was to prevent Rogers from operating the Limestone County Quarry that is the subject of this action.

39.

The Quarry Statutes expressly targeted a single company at a single site for a single, specific land use. The sole purpose of the legislation was to stop quarrying on property known by defendants to have been acquired for the purpose of mining, known by Defendants to have been issued environmental permits for that express purpose, and known by Defendants to be the location for which Limestone County itself issued a business license to Rogers to operate a quarry.

40.

Representatives of the Limestone County Commission have contacted Rogers and informed it that the Commission will attempt to prevent Rogers from using the Limestone Quarry Property as a quarry through enforcement of the Quarry Statutes.

13

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF RIGHT TO
## EQUAL PROTECTION UNDER THE LAW,
## DAMAGES UNDER
## 42 U.S.C. 1983

41.

Paragraphs 1 through 40 are incorporated by reference as if fully set forth herein.

42.

Crushed stone quarries operate throughout the State of Alabama in locations that would be prohibited if the Quarry Statutes applied to such counties. The Quarry Statutes contain no hint as to why new or relocated crushed stone quarries may not be established in Limestone Quarry or why they are subject to different limitations than quarries in other counties in Alabama.

43.

The Quarry Statutes treat Rogers differently than others similarly situated in the State of Alabama without any rational basis for the difference in treatment.

14

44.

The Quarry Statutes create wholly arbitrary and capricious distinctions between what is permitted in Limestone County and what is permitted in other parts of Alabama.

45.

The Quarry Statutes thus violate the protection guaranteed to every person under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States against intentional and arbitrary discrimination, be it by the express terms of the Quarry Statutes or by their improper application through the Limestone County Commission and its individual members.

46.

The Quarry statutes are unconstitutional and must be struck down as violating the Constitution of the United States.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants on its Count I in an amount commensurate with the damages it has suffered, together with its costs incurred herein and for such other and further relief as the Court deems just and proper.

15

## COUNT II

### TAKING OF PROPERTY RIGHTS WITHOUT JUST COMPENSATION, DAMAGES UNDER 42 U.S.C. 1983

47.

Paragraphs 1 through 40 and 42 through 46 are incorporated by reference as if fully set forth herein.

48.

If applied to ban Rogers's existing quarry on the Limestone Quarry Property the Quarry Statutes deny Rogers all economically viable use of such property. The Quarry Statutes thus constitute an unconstitutional taking of Rogers' quarry without just compensation in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

49.

The Quarry Statutes were not enacted for and do not contribute to the public health, safety or welfare and thus violate the provisions of the Fifth Amendment to the United States Constitution and incorporated into and made applicable to the State of Alabama through the Fourteenth Amendment.

16

50.

The Quarry Statutes so significantly and deliberately frustrate the known investment-backed expectations of Rogers in the operation of its quarry that their enforcement against Rogers amounts to an unconstitutional taking of property without just compensation in violation of the Fifth Amendment to the Constitution of the United States and incorporated into and made applicable to the State of Alabama through the Fourteenth Amendment.

51.

Rogers has not been compensated for the taking of its vested rights to mine crushed stone from its Limestone County quarry and is entitled to just compensation in an amount determined by the Court, or to an order enjoining enforcement of the Quarry Statutes against its Limestone County Property based on Limestone County's failure to provide just compensation.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants on its Count II in an amount commensurate with the damages it has suffered, together with its costs incurred herein and for such other and further relief as the Court deems just and proper.

## COUNT III

## VIOLATION OF RIGHT TO DUE PROCESS OF LAW, DAMAGES UNDER 42 U.S.C. 1983

52.

Paragraphs 1 through 40, 42 through 46, and 48 through 51 are incorporated by reference as if fully set forth herein.

53.

The Quarry Statutes contain no definitions or standards to determine what is a "new" or "relocated" quarry.

54.

The Quarry Statutes contain no statement of the public purpose that is purportedly effectuated by the regulatory taking of Rogers' Limestone Quarry Property.

55.

The Quarry Statutes thus arbitrarily deprive Rogers of its property without due process of law in violation of the Fifth Amendment to the Constitution of the United States as incorporated into and made applicable to the State of Alabama through the Fourteenth Amendment.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants on its Count III in an amount commensurate with the damages it has

18

suffered, together with its costs incurred herein and for such other and further relief as the Court deems just and proper.

## COUNT IV

## DECLARATORY JUDGMENT, 28 U.S.C. § 2201

56.

Paragraphs 1 through 40, 42 through 46, and 48 through 51 are incorporated by reference as if fully set forth herein.

57.

Rogers seeks a declaration from this Court that its quarry on the Limestone Quarry Property is not "new" or "relocated" as such words are used in the Quarry Statutes and thus the Quarry Statutes do not prevent it from continuing to operate its quarry in Limestone County.

58.

Rogers also seeks a declaration that the Quarry Statutes are unconstitutional under Section 105 of the Constitution of the State of Alabama, prohibiting the passage, and thus the subsequent enforcement of, local laws purporting to regulate matters that are already provided for by a general law of the State of Alabama.

19

59.

Rogers seeks a declaration that it has a vested right to operate a quarry on the Property.

60.

There is an actual case or controversy because the Limestone County Commission, through its members and representatives, has demanded that Rogers cease its quarry operations on the Property and has threatened to sue Rogers even though the Limestone County quarry is not a "new" or "relocated" quarry.

61.

A declaration that the Quarry Statutes are not enforceable against Rogers will resolve the controversy between the parties without unnecessary exposure to unconstitutional attempts to enforce the Quarry Statutes against Rogers.

## COUNT V

## INVERSE CONDEMNATION UNDER THE LAWS OF THE STATE OF ALABAMA

62.

Paragraphs 1 through 40, 42 through 46, and 48 through 51 are incorporated by reference as if fully set forth herein.

20

63.

Limestone County, by and through the Limestone County Commission, has the right or power of condemnation under the laws and Constitution of the State of Alabama.

64.

Enforcement of the Quarry Statutes by the Limestone County Commission constitutes the taking of Rogers' private property for public use without formal condemnation proceedings and without just compensation.

65.

Rogers is entitled to a judgment in an amount that will compensate it for the taking of its property rights in Limestone County, Alabama as well as its litigation expenses, including reasonably incurred attorney, appraisal, engineering fees and recoverable costs pursuant to Alabama law.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants on its Count V in an amount commensurate with the damages it has suffered, together with its costs incurred herein and for such other and further relief as the Court deems just and proper.

## COUNT VI

## VIOLATION OF RIGHT TO DUE PROCESS OF LAW
## UNDER THE ALABAMA CONSTITUTION

66.

Paragraphs 1 through 40, 42 through 46, and 48 through 51 are incorporated by reference as if fully set forth herein.

67.

The Quarry Statutes contain no definition or standards to define what is a "new" or "relocated" quarry.

68.

The Quarry Statutes contain no statement of the public purpose that is purportedly effectuated by the regulatory taking of Rogers' Limestone County quarry.

69.

The Quarry Statutes impose a restraint on the use of property that is disproportionate to or unrelated to the amount of evil, if any, they were designed to correct.

22

70.

The Quarry Statutes thus arbitrarily deprive Rogers of its property without due process of law in violation of Article I of the Constitution of the State of Alabama.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants on its Count VI in an amount commensurate with the damages it has suffered, together with its costs incurred herein and for such other and further relief as the Court deems just and proper.

## COUNT VII

## INJUNCTIVE RELIEF

71.

Paragraphs 1 through 40, 42 through 46, 48 through 51, 53 through 55, and 67 through 70 are incorporated by reference as if fully set forth herein.

72.

Rogers seeks an injunction in this Count VII to prevent the enforcement of the Quarry Statutes against it.

73.

An injunction is appropriate and just because Rogers is substantially likely to prevail on the merits of its claims against Defendants in that it is already

23

operating its quarry in Limestone County and thus its quarry is not "new" or "relocated," Rogers has a vested right to operate a quarry on the Limestone Quarry Property, and the Quarry Statutes are local laws that create a variance from the general laws regarding of the State of Alabama.

74.

Rogers faces a substantial threat of irreparable injury through lost sales and goodwill if it is not allowed to operate its quarry during the litigation of these issues.

75.

The threatened injuries to Rogers outweigh any speculative harm to the Defendants.

76.

The granting of an injunction will not disservice the public interest as evidenced by the State of Alabama's decision not to enact the particular requirements of the Quarry Statutes throughout the State as applied to community colleges or public schools. Moreover, the Nuclear Regulatory Agency is in charge of the safety of nuclear power plants and it has no prohibition on placing quarries within ten miles of a plant. Finally, according to the Limestone County Economic Development Association, Inc.'s website, the TVA Industrial Development Mega

24

Site is completely vacant and likely will remain so as it is marketed primarily to the automobile industry.

WHEREFORE, Plaintiff respectfully requests that summons and process be issued and that this honorable Court:

(a)   Enter a judgment in favor of Rogers on Counts I through VII;

(b)   Declare that the actions of the Defendants violated the equal protection and due process rights of Plaintiff;

(c)   Enjoin Limestone County and the Limestone County Commissioners from enforcing the quarry Statutes;

(e)   Award damages in an amount to compensate Plaintiff for the violations of its constitutional rights;

(f)   Award Plaintiff just compensation for the inverse condemnation of its property rights;

(g)   Order that Defendants pay Plaintiff its litigation expenses, including reasonably incurred attorney, appraisal, engineering fees and recoverable costs pursuant to Ala. Code § 18-1A-32;

(h)   Order that Defendants pay Plaintiff's attorneys fees pursuant to 42 U.S.C. § 1988; and

(i)   Such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted this the 20 day of May, 2009.

Rebekah Keith McKinney
Alabama Bar No.: ASB-3137-T64J
WATSON, MCKINNEY & ARTRIP, LLP
203 Greene Street
P.O. Box 18368
Huntsville, AL  35804
(256) 536-7423
(256) 536-2689 (fax)
mckinney@watsonmckinney.com

**Addresses of the Parties:**

**Plaintiff's address:**

Rogers Group, Inc.
c/o Rebekah Keith McKinney
WATSON, MCKINNEY & ARTRIP, LLP
203 Greene Street
P.O. Box 18368
Huntsville, AL  35804

**Defendants' Addresses:**

The Limestone County Commission
of Limestone County, Alabama
c/o David Seibert, Chairman
100 S. Clinton Street
Athens, Alabama 35611

Gary Daly
21995 Upper Fort Hampton Road
Elkmont, Alabama 35620

26

Gerald Barksdale
18135 Wells Road
Athens, Alabama 35613

Bill Latimer
110 W. Market Street
Athens, Alabama 35611

Bill Daws
13139 Elk River Mills Road
Athens, Alabama 35614

**Also served by certified mail:**

Troy King
Alabama Attorney General
500 Dexter Avenue
Montgomery, Alabama 36130