FILED

2009 Aug-13  PM 05:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **ROGERS GROUP, INC.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CASE NO.:  CV-09-J-0990-NE** |
| **v.** | ) |
| | ) |
| **THE LIMESTONE COUNTY** | ) |
| **COMMISSION OF LIMESTONE** | ) |
| **COUNTY, ALABAMA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER OF DEFENDANT LIMESTONE COUNTY COMMISSION OF LIMESTONE COUNTY, ALABAMA

COMES NOW The Limestone County Commission of Limestone County, Alabama ("Defendant") in answer to the Complaint filed by Plaintiff and states the following:

## PARTIES

1.      Upon information and belief, Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits that Gary Daly is a member of the Limestone County Commission.  Defendant is without sufficient information to admit or deny the remaining averments of paragraph 3 and therefore denies same and demands

strict proof thereof.

4.     Defendant admits that Gerald Barksdale is a member of the Limestone County Commission.  Defendant is without sufficient information to admit or deny the remaining averments of paragraph 4 and therefore denies same and demands strict proof thereof.

5.     Defendant admits that Bill Latimer is a member of the Limestone County Commission.  Defendant is without sufficient information to admit or deny the remaining averments of paragraph 5 and therefore denies same and demands strict proof thereof.

6.     Defendant admits that Bill Daws is a member of the Limestone County Commission.  Defendant is without sufficient information to admit or deny the remaining averments of paragraph 6 and therefore denies same and demands strict proof thereof.

## JURISDICTION AND VENUE

7.     Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8.     Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

# FACTUAL ALLEGATIONS

## Crushed Stone Is Essential to Modern Construction Activities

9.    Defendant admits that Plaintiff is in the business of mining and selling crushed stone.  Defendant is without sufficient information to admit or deny the remaining averments of paragraph 9 and therefore denies same and demands strict proof thereof.

10.    Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.    Defendant denies that it, or its contractors, purchase and use tens of millions of dollars of crushed stone every year for construction projects in the State of Alabama, but admits that the State of Alabama uses crushed stone in construction projects.

12.    Defendant lacks sufficient information to admit or deny if there is any synthetic substitute for crushed stone and therefore denies same.  Defendant admits the remaining allegations of paragraph 12 of Plaintiff's Complaint.

13.    The statement in paragraph 13 appears to be a statement of opinion of Plaintiff and requires no response.  To the extent a response is required, the allegations are vague and nonspecific and Defendant denies the same.

14.    The statement in paragraph 14 appears to be a statement of opinion of Plaintiff and requires no response.  To the extent a response is required, the

allegations are vague and nonspecific and Defendant denies the same.

## The Limestone County Quarry Property Was Acquired
## For and Is Being Operated as a Quarry

15.    Upon information and belief, Defendant admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.    Defendant admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.    Defendant admits that Commissioner Seibert has made some comments regarding the quarry but is without sufficient information and knowledge to confirm the exact content and context of the comments.

18.    Upon information and belief, Defendant admits the allegations contained in paragraph 18 of Plaintiff's Complaint; however, issuance of permits by ADEM is a clerical action and does not indicate that the quarry is not a nuisance and does not violate other state or local laws.

19.    Defendant lacks information sufficient to admit or deny the date in which Rogers Group, Inc. applied for permits, and therefore denies same.  Upon information and belief, Defendant admits the remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

20.    Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore denies same.

21.     Upon information and belief, Defendant admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Upon information and belief, Defendant admits the allegations contained in paragraph 22 of Plaintiff's Complaint; however, issuance of a business license is a clerical action and does not indicate that the quarry is not a nuisance and does not violate other state or local laws.

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24.     Defendant lacks sufficient information to admit or deny the date alleged in paragraph 24, but upon information and belief Plaintiff did conduct blasting at some point.

25.     Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26.     Defendant admits Plaintiff erected a sign at the entrance, but denies Plaintiff operated a quarry prior to May 11, 2009.

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28.     Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29.     Defendant admits the allegations contained in paragraph 29 of

Plaintiff's Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

32.     Defendant admits the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Defendant admits the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     Defendant admits the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     Defendant admits the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     Defendant admits the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendant admits the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint and demands strict proof thereof.

39.     Defendant denies the allegations contained in paragraph 39 of

Plaintiff's Complaint and demands strict proof thereof.

40.     In response to the allegations in paragraph 40 of Plaintiff's Complaint, Defendant states that it is attempting through these lawsuits to prevent operation of the quarry for the purposes and reasons set forth in its pleadings.

41-55.   The allegations contained in paragraphs 41 through 55 are denied, as these claims have been dismissed.  (doc. no. 19).

56.     Defendant incorporates its responses to paragraphs 1 through 55 as if expressly set forth herein.

57.     Defendant admits Plaintiff seeks the requested declaration but denies it is entitled to such a declaration or to any declaration whatsoever.

58.     Defendant admits Plaintiff seeks the requested declaration but denies it is entitled to such a declaration or to any declaration whatsoever.

59.     Defendant admits Plaintiff seeks the requested declaration but denies it is entitled to such a declaration or to any declaration whatsoever.

60.     Defendant admits that it has brought a lawsuit to enjoin the unlawful operation of the quarry.  Defendant denies the remaining allegations contained in paragraph 60 of Plaintiff's Complaint and demands strict proof thereof.

61.     Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint and demands strict proof thereof.

62.     Defendant incorporates its responses to paragraphs 1 through 61 as if

expressly set forth herein.

63-70.    The allegations contained in paragraphs 63 through 70 are denied, as these claims have been dismissed.  (doc. no. 19).

71.    Defendant incorporates its responses to paragraphs 1 through 70 as if expressly set forth herein.

72.    Defendant admits Plaintiff seeks an injunction but denies it is entitled to that relief or any relief whatsoever.

73.    Defendant denies the allegations contained in paragraph 73 of Plaintiff's Complaint and demands strict proof thereof.

74.    Defendant denies the allegations contained in paragraph 74 of Plaintiff's Complaint and demands strict proof thereof.

75.    Defendant denies the allegations contained in paragraph 75 of Plaintiff's Complaint and demands strict proof thereof.

76.    Defendant denies the allegations contained in paragraph 76 of Plaintiff's Complaint and demands strict proof thereof.

Defendant denies all allegations in the "Wherefore" paragraph that follows paragraph 76 and sub-paragraphs (a)-(i), and denies Plaintiff is entitled to any relief whatsoever.

Defendant denies all averments of Plaintiff's Complaint, except those specifically admitted hereinabove.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to join necessary parties pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by state function immunity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by discretionary function immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by municipal immunity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by civil immunity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by substantive immunity.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by good faith immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of waiver, estoppel, and/or release.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the unclean hands doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of assumption of risk.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of justification.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of lack of cooperation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of concealment of facts.

Respectfully submitted this the 13th day of August, 2009.

/s/**Richard J.R. Raleigh, Jr.**

**Richard J.R. Raleigh, Jr. (ASB-5705-H67R)**
**rraleigh@wilmerlee.com**
**P. Michael Cole (ASB-6286-E67P)**
**mcole@wilmerlee.com**
**Marcus A. Huff (ASB-5918-R75H)**
**mhuff@wilmerlee.com**
*Attorneys for Defendants*

**OF COUNSEL:**
**WILMER & LEE, P.A.**
100 Washington Street
Suite 200
Post Office Box 2168
Huntsville, Alabama  35804-2168
256-533-0202 Telephone
256-533-0302 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca Keith McKinney, Esq.
WATSON, MCKINNEY & ARTRIP, LLP
P. O. Box 18368
Huntsville, Alabama 35804

H. Wayne Phears, Esq.
McGuire Woods LLP
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309-7649

/s/Richard J.R. Raleigh, Jr.
Richard J.R. Raleigh, Jr.